**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | CAUSE NO. 2:22-cr-45 |
| DWIGHT CULVER, | |
| Defendant. | |

**OPINION AND ORDER**

Dwight Culver pleaded guilty to being a felon in possession of a firearm and was sentenced to 70 months as a result. [DE 25, 59.]  Culver now seeks to set aside his conviction under 28 U.S.C. § 2255 claiming he received ineffective assistance of counsel during his prosecution. [DE 64-1.] He did not, and his request will therefore be denied.

**Legal Standard**

The federal habeas corpus statute, codified at 28 U.SC. § 2255(a), authorizes a prisoner who has been sentenced to return to the court in which he was convicted and request his release on the grounds that his sentence "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Relief under § 2255 is only available "in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Harris v. United States*, 13 F.4th 623, 627 (7th Cir. 2021) (quoting *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014)); *see also*, *Coleman v. United States*, 79 F.4th 822, 826 (7th Cir. 2023) (describing relief under §

1

2255 as an "extraordinary remedy and therefore only available in limited circumstances") (citation omitted).

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the assistance of counsel for his defense. U.S. Const. amend. VI. Here, Culver is requesting relief under § 2255 claiming that he was denied his Sixth Amendment right to the effective assistance of counsel. When reviewing a § 2255 motion claiming ineffective assistance of counsel, I evaluate the claim using the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). *McDowell v. Kingston*, 497 F.3d 757, 761 (7th Cir. 2007). This involves a review of counsel's performance as well as whether there was prejudice against the defendant. *Id*. If the petitioner fails to prove that one prong is satisfied, there is no need for the Court to evaluate the other prong. *Ebbole v. United States*, 8 F.3d 530, 533 (7th Cir. 1993).

First, Culver must prove that his attorney's performance fell below an objective standard of reasonableness. Generally, courts take a deferential view of an attorney's performance, with the presumption being that counsel's conduct falls within the wide range of reasonable professional assistance. *See United States v. Holman*, 314 F.3d 837, 840 (7th Cir. 2002). "Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Jordan v. Hepp*, 831 F.3d 837, 846 (7th Cir. 2016) (quoting *Strickland*, 466 U.S. at 690). For the Court to decide that counsel's representation was inadequate, counsel's representation of the defendant must have fallen "below an objective standard of

2

reasonableness." *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (citation omitted). This is a tall order. *See Jordan*, 831 F.3d at 846.

Second, under *Strickland*, there has to be evidence of prejudice, meaning a showing that but for the attorney's deficient performance there is a reasonable probability that the result of the proceeding would have been different. *Id.* at 761 (quoting *Strickland*, 466 U.S. at 694); *Lee v. Galloway*, 106 F.4th 668, 673 (7th Cir. 2024). This requires a showing that the lawyer "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *United States v. Hise*, 65 F.4th 905, 909 (7th Cir. 2023) (citation omitted). A review of whether counsel's performance caused prejudice is "highly deferential to counsel and presumes reasonable judgment and effective trial strategy." *Hays v. United States*, 397 F.3d 564, 568 (7th Cir. 2005).

## Discussion

Culver argues that counsel was ineffective in three ways: (1) failing to file a motion to dismiss the indictment on the basis of 18 U.S.C. § 922(g)(1) being unconstitutional, (2) pressuring Culver into pleading guilty, and (3) having a conflict of interest.

### 1.  Failure to File a Motion Arguing That § 922(g)(1) was Unconstitutional

Counsel was not ineffective for failing to challenge the constitutionality of § 922(g)(1). Most notably, there is not a reasonable probability under the second prong of *Strickland* that making such an argument would have changed the result of the proceeding.

The Second Amendment states: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. In *District of Columbia v. Heller*, the Supreme Court identified the "core" of the Second Amendment as "the right of law-abiding, responsible citizens to use arms in defense of hearth and home." 554 U.S. 570, 634–35 (2008). The Court in *Heller* made clear that "the right secured by the Second Amendment is not unlimited" and emphasized that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons[.]" *Id.* at 626. A plurality of the Supreme Court in *McDonald v. City of Chicago* later repeated *Heller*'s assurances that the Court's rulings "did not cast doubt on such longstanding regulatory measures as prohibitions on the possession of firearms by felons[.]" 561 U.S. 742, 786 (2010) (quoting *Heller*, 554 U.S. at 626).

This Court has repeatedly upheld the constitutionality of § 922(g)(1) and does so again here. *See United States v. Decker*, 2025 WL 1589298, at *4 (N.D. Ind. June 5, 2025); *United States v. Regalado*, 709 F.Supp.3d 619 (N.D. Ind. 2023); *United States v. Williams*, 2024 WL 1528653 (N.D. Ind. Apr. 9, 2024); *United States v. Eason*, 2024 WL 639350 (N.D. Ind. Feb. 15, 2024); *United States v. Garcia*, 2024 WL 1174045 (N.D. Ind. Mar. 19, 2024); *United States v. Hill*, 2024 WL 3043307 (N.D. Ind. Jun. 18, 2024); *United States v. Razo*, 2024 WL 3291762 (N.D. Ind. Jul. 3, 2024).

While failing on either prong is dispositive, the Court will briefly touch on the first prong as well. The Court refuses to find that it was objectively unreasonable not to make an argument that has been rejected repeatedly by this very court. The Sixth

4

Amendment "does not require counsel … to press meritless arguments." *Lilly v. Gilmore*, 988 F.2d 783, 786 (7th Cir. 1993). Further, the Court notes that Culver's signed plea agreement stating that he believes "that my lawyer has done all that anyone could do to counsel and assist me[.] [DE 25.]

Because there was not a reasonable probability of the proposed action's success, Culver was not prejudiced by his counsel not taking that action. Moreover, the Court finds that counsel's performance did not fall below the objective standard of reasonableness for failing to take this proposed action.

### 2. Allegedly Pressuring Culver to Plea and Having a Conflict of Interest

Culver's second and third arguments for why his counsel was ineffective are related. He asserts that counsel "pressured him into pleading guilty" before his state charges were adjudicated. He additionally argues that there was a conflict of interest based on this pressure because "Mr. Culver's interest was to shorten his applicable sentencing guideline, which was contrary to his attorney's therefore creating a conflict of interest." [DE 64-1.]

As an initial matter, Culver appears to misunderstand what an actionable conflict of interest is in the context of a § 2255 motion. To show a conflict of interest, Culver must show his attorney made "a choice advancing his own interests to the detriment of his client's interests." *Gray-Bey v. United States*, 156 F.3d 733, 738 (7th Cir. 1998) (internal citation omitted). Culver has not alleged what exactly counsel's alleged interest was. Instead, Culver simply asserts that his own interest was in shortening his sentencing guideline and that, based on his argument that counsel pressured him into a plea,

counsel did not have that same interest. This, the argument goes, is the supposed conflict. But none of this tells me *what* counsel's interest was and how that interest conflicted with Culver's. To the extent he is alleging that counsel generally did not have an interest in trying to get him a lower sentence, he provides no explanation for why counsel would have that interest.

This still leaves the claim of coercion: that counsel pressured him into accepting his plea. Culver signed his plea agreement, which not only stated that his attorney did all that he could to assist him, but also stated that he was not "threatened in any way by anyone to cause me to plead guilty in accordance with this agreement." [DE 25.] Moreover, at his plea hearing before the Magistrate Judge Rodovich, Culver was placed under oath and stated that he was pleading guilty knowingly and voluntarily and that no one threatened him or coerced him in anyway. [DE 28.] I made note of that very point when I accepted the report and recommendation of Judge Rodovich. [DE 32.] Given this background, Culver bears a heavy burden to show that he was coerced. *Cf. United States v. Gwiazdzinski*, 141 F.3d 784, 787-88 (7th Cir. 1998); *United States v. Jones*, 381 F.3d 615, 618-19 (7th Cir. 2004); *United States v. Walker*, 447 F.3d 999, 1004-05 (7th Cir. 2006). This is because there is a presumption of verity that attaches to representations made under oath at a hearing under Rule 11. *United States v. Bennett*, 332 F.3d 1094, 1099 (7th Cir. 2003). Culver's conclusory statements contradicting his testimony at the plea hearing is insufficient proof that he was coerced into pleading guilty.

## Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the applicant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a defendant must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 475 (U.S. 2000) (internal quotation marks and citation omitted).

For the reasons set forth above, Culver has not stated any grounds for relief under § 2255. The Court finds no basis for a determination that reasonable jurists would find this decision debatable or incorrect or that the issues deserve encouragement to proceed further. Therefore, a certificate of appealability will not be issued. 28 U.S.C. § 2253(c)(2); *Welch v. United States*, 136 S. Ct. 1257, 1263-64 (2016). If Culver wishes to appeal this Opinion and Order, he must seek a certificate of appealability from the Court of Appeals under Federal Rule of Appellate Procedure Rule 22.

### Conclusion

Dwight Culver's motion to vacate Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [DE 64-1] is DENIED and a certificate of appealability is DENIED.

**SO ORDERED**.

7

ENTERED:  May 8, 2026.

/s/Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT